FAY v. BRONSON.

(Supreme Court, Appellate Division, Second Department.   November 19, 1909.)

ACTION (§ 38*)—JOINDER—COMPLAINT—SEPARATE CAUSES OF ACTION.
    A complaint in an action for deceit and fraud, containing allegations showing a breach of contract, made for the evident purpose of showing the grounds on which plaintiff acted in accepting alleged false and fraudulent statements, there being no apparent attempt to separately state two causes of action, is not objectionable on the ground that two causes of action have been improperly united.

    [Ed. Note.—For other cases, see Action, Cent. Dig. § 549; Dec. Dig. § 38.*]

Appeal from Special Term, Dutchess County.

Action by Henry T. Fay against Horace L. Bronson. From an interlocutory judgment overruling a demurrer to the complaint, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, BURR, and MILLER, JJ.

Rowland L. Davis, for appellant.
Giffard A. Nelson, for respondent.

WOODWARD, J.   The defendant interposed a demurrer to the plaintiff's complaint, on the ground that two causes of action had been improperly united. The demurrer has been overruled; the defendant appealing to this court from the interlocutory judgment entered.

It is undoubtedly true that the plaintiff has included in his complaint matters which would in part sustain an action for breach of

contract, as well as one for deceit and fraud; but he has made no attempt to separately state two causes of action, and it may be fairly gathered from the pleading that the purpose of the recitals was to show the grounds on which the plaintiff acted in accepting the alleged false and fraudulent statements, rather than as material allegations in a cause of action for breach of contract. A careful perusal of the complaint leads to the conclusion that the plaintiff has merely set forth an action for deceit and fraud, and that the demurrer of the defendant has been properly overruled.

The interlocutory judgment appealed from should be affirmed, with costs. All concur, except MILLER, J., not voting.